## Du Bay vs. Gould and another.

County Court — Jurisdiction.— A county court has no jurisdiction of an action in which the debt or damages claimed exceeds $500, al though the cause of action arose in the same county. Knowlton, J., *dissenting.*

ERROR to the County Court for *Portage* County.

*Gould & Sparr* brought an action of assumpsit in the county court for Portage county against *Du Bay*, and declared for the sum of $1,500, the price and value of logs delivered by them to the defendant, in said county.

The defendant moved the court to dismiss the action for want of jurisdiction, the sum claimed therein exceeding the sum of five hundred dollars, but the court overruled the motion, and the defendant pleaded the general issue. Upon the trial, the plaintiffs recovered only $444.80 damages, besides costs; and the defendant brought error.

*Collins, Smith & Tappan*, for plaintiff in error, argued that as the sum demanded in the court below exceeded five hundred dollars, the county court had no jurisdiction of the action, and cited R. S., ch. 86, sec. 2.

*Catlin, Abbott & Clark*, for defendants in error:

1. The county court has jurisdiction to an amount exceeding five hundred dollars in all civil actions, arising within the county where such court is held. R. S., ch. 86, sec. 2. 2. If the county court had not jurisdiction to an amount exceeding five hundred dollars, yet there is not, in this case, error, for the jury found for said defendant in error, a sum less than five hundred dollars.

*Per Curiam.* — The judgment of the court below is reversed for want of jurisdiction in that court.

KNOWLTON, J., *dissenting.* As I am unable to perceive the correctness of the opinion of a majority of this court, I am constrained to give some of the reasons why I cannot concur; and, in doing so, it may not be amiss to lay down a few well established rules which govern in the construction or interpretation of statutes, which are, 1. That a court of law will not make any interpretation contrary to the express words of a statute, for nothing can so well explain the meaning of the makers of the act as their own direct and express words, since *index animi sermo* and *maledicta expositio quæ corrumpit textium.* It would be dangerous to give scope for making a construction in any case against the express words, when the meaning of the makers is not opposed to them, and when no inconvenience would follow from a literal interpretation. *Eldrich's Case,* 5 Rep., 119, cited in argument; *Gaunt v. Taylor,* 3 Scott's N. R., 709; Broom's Legal Maxims, 268; Smith's Com., 654. 2. That words ought not to be extended beyond their ordinary sense in order to comprehend a case within their object, for that would be to give effect to an intention ،not expressed, nor can they be so restricted as to exclude a case both within their object and within their ordinary sense, without violating a fundamental rule which requires that effect should be given to such intention of the parties or law-making power as they have used fit words to express. *Borradaile v. Hunter,* 5 Scott's N. R., 431–432; *Moseley v. Motteux,* 10 M. & W., 533; Broom's Legal Maxims, 276; Smith's Com., 654. 3. That relative words refer to the next antecedent, unless, by such a construction, the meaning of the sentence would be impaired. Comyn's Digest, "Parols" (A. 14, 15); Jenk, 180; *Quier's Case,* Dyer, 46 b; Wing's Maxims, 19. Again, in the interpretation of statutes, it is but seldom, if ever, that we have to interpret anything but words; hence, the term interpretation means al-

ways the interpretation of words. Smith's Com., 661. 4. That a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence or word shall be void, superfluous or insignificant. 5. That a statute must be construed according to the sense of the terms and the intention of the legislature, to be gathered from the words used (Smith's Com., 677); and, if the words used express clearly the sense and intention of the law, they must always govern.

With these rules as beacon lights to guide or direct, I proceed to an examination of the section of the statute (R. S., ch. 86, sec. 2) presented for consideration, so far as it has any application. By this section it is provided that " the county court shall be a court of record, with a clerk and seal, and shall have original jurisdiction concurrently with the circuit court, to try and determine, according to law, *all civil actions arising within the county*, for which such courts shall be held; and all *transitory* actions, although the same may not have arisen within the county, when the debt or damages do not exceed the sum of five hundred dollars."

Now, it is obvious that the object of the legislature, in this enactment, was to declare the particular kinds of actions over which the court should have jurisdiction, and the conditions, restrictions and limitations by which definitely to mark the line of that jurisdiction; and, in so doing, they fix the boundary *line* by providing for a certain class of cases arising either within the particular county or without it. Whether the cause of action arises within the county or not, is the material inquiry, provided that the action is transitory in its nature. No one can fail to see that, by the first subdivision or portion of this section, a well defined jurisdiction is conferred, by words that are unequivocal and unmistakably clear, of *all civil actions arising within the county* for which such court shall be held. There is no qualification, limitation, or restriction either as to the amount or as to the kind of action, provided it arose within the county. That is the point to ascertain, and the only

one, in order to determine whether the court has jurisdiction over the case, and then the authority to adjudicate would be obvious, whether the action was local or transitory (actions of ejectment excepted). If the action arose out of the county, there would be no jurisdiction, although it were transitory, for the reason that the jurisdiction is here confined to cases arising within the county.

Now, can any one seriously contend, that so far, actions arising *within* the county for which the court is held are not fully and distinctly provided for? This can be determined by the mere suggestion, that if the legislature had stopped at this point, the views here taken would be correct, and there would have been no room left for construction; for all minds must, *ex necessitate*, have understood the language alike. It remains to be seen whether the subsequent language can, in reason, affect or control the meaning of this phraseology. I humbly conceive not.

It must be borne in mind, that the legislature are next conferring jurisdiction over *one of the same class of cases or actions already provided for*, viz. : transitory actions, but when the action arose *without* the county. The language is, " although the same may not have arisen *within* the county when the debt or damages demanded do not exceed the sum of five hundred dollars." Can any reasonable mind, upon reflection, doubt that the legislature was here giving jurisdiction of *transitory* actions arising without the county? and is there not just as little doubt, that jurisdiction had been conferred in the first instance or in the first part of the section as to all *transitory actions arising within* the county? Is it possible that the legislature intended to place the limit of jurisdiction at five hundred dollars to transitory actions arising both within and without the county? If such was the intention, why in the name of common sense did they say anything about actions arising *within* or *without* the county? No such distinction was necessary, but must be absolutely nugatory. If the intention of the

legislature was, as a majority of this court hold, the language most clearly should have been, " the county court shall be a court of record with a clerk and seal, and shall have jurisdiction concurrently with the circuit court to try and determine according to law all civil actions of a local character, and also all transitory actions when the debt or damages demanded do not exceed the sum of five hundred dollars." How different is this language from that made use of. By this language no distinction is made between actions by reason of their having arisen *within* or *without* the county. Do we, by such construction, give effect to *every word* made use of by the legislature? So far from it, that we actually expunge in every just or legal sense every thing said or contemplated as a difference between transitory actions arising *within* or *without* the county. And yet the legislature make provisions in relation to this very matter. Now, if they did not intend to make a difference as to the amount as a limit of jurisdiction between transitory actions arising *within* or *without* the county, why mention it? Can any one divine? Is there any sense in talking about a thing and yet mean nothing thereby? I cannot bring my mind to any such conclusion.

According to the rules above laid down, we must take the language as we find it, and give effect to every sentence and even every word, and if by so doing we can give it effective form, so as not to convict the legislature of acting absurdly, we should do so, and we ought by no means to so construe the language, that a part thereof shall mean nothing. It is well said, that " the fittest course, in all cases when the intention of the legislature is brought in question, is to adhere to the *words* of the statute, construing them according to their nature and import in the order in which they stand in the act of parliament." *Rex v. Ramsgate*, 6 B. & C., 712.

The most enlightened and experienced judges have for sometime lamented the too frequent departure, from the plain and obvious meaning of the words of the act of parliament by which

a case is governed, and themselves held it much the safer course, to adhere to the words of the statute, construed in their ordinary import, than to enter into inquiry as to the *supposed* intention of the parties who framed the act. *Rex v. The Inhabitants of Great Bentley*, 10 B. & C., 520. They are not (as the most learned members of a learned body best know) to presume the intentions of the legislature, but to collect them from the words of the act of parliament, and they have nothing to do with the policy of the law. This is the true sense in which it is so impressively repeated, that judges are not to be encouraged to direct their conduct by the " crooked cord of discretion, but by the golden metewand of the law." That is, " not to construe statutes by equity, but to collect the sense of the legislature by a sound interpretation of its language, according to reason and grammatical correctness." 1 Dwarris on Statutes, 702, 703. Now, by supplying the ellipsis in this section, it seems to me, that the intention of the legislature is unmistakable. Let us do this and see the reading. " The county court shall be a court of record, and shall have a clerk, and a seal, and shall have original jurisdiction, concurrently, with the circuit court, to try and determine, according to law, all *civil* actions arising *within* the county for which such court shall be held; and shall also have jurisdiction, concurrently, with the circuit court to try and determine, according to law, all *transitory* actions, although the same may not have arisen within the county, when the debt or damages demanded do not exceed the sum of five hundred dollars." Now, to my mind, it is clear, that by the first portion of the section, jurisdiction is conferred to try *all civil actions, local and transitory*, provided, the same arose within the county, without regard to the amount claimed or demanded. In fact, this is the precise reading, and it is equally clear that, after conferring this power, the intention was to confer additional power as to transitory actions arising *without* the county, and this latter power was limited in amount to five hundred dollars.

If the intention was to confer another jurisdiction by this latter provision, by what rule of interpretation can we apply the limits put upon that species of action, arising without a particular locality to the same as well as the different kinds of actions, arising within a limited region or locality, and for which provision had already been made without limit as to amount? Can a jurisdiction once clearly given, without limitation or restriction, be taken away, narrowed, or cut down by conferring upon the same tribunal an additional power, fixing thereto a particular limit, either by the same or a subsequent enactment? I deny it. When a court is limited in amount as to a particular thing or cause of action, how do we become informed that the legislature intended that such limitation should extend to other powers conferred? I confess my inability to discover.

If we say that the intention was to give jurisdiction over local and transitory actions, arising within the county (excepting actions of ejectment), unlimited by any sum, and that as to *transitory* actions arising *without* the county, jurisdiction was also and *only* conferred when the debt or damages demanded do not exceed the sum of five hundred dollars, we should give effect to the whole language used; and short of this we, by construction, say that a part of the language means nothing. Not being able to yield assent to the views of my brethren, I here enter my protest.

Judgment reversed.